**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | § | |
| | § | |
| **Plaintiff-Respondent** | § | |
| | § | **Criminal Case** |
| **v.** | § | **No. SA-92-CR-065(1)-FB (NSN)** |
| | § | |
| **JOSE LEON GONZALEZ-LONGORIA,** | § | |
| **Jr.,** | § | |
| | § | |
| **Defendant-Movant** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**To:  The Honorable Fred Biery**
       **United States District Judge**

Before the Court is Defendant-Movant Jose Leon Gonzalez-Longoria, Jr.'s, Motion for Leave to Direct Plaintiff United States Government to Show Cause Why 18 U.S.C. § 3573 Motion for Remission of Fine Should Not Be Submitted on a 15 Year Old Sentence.  (Docket Entry # 989). This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1).

Section 3573 authorizes a remission of fines "[u]pon petition of the Government." That statute provides authority for a district court to remit fines *only* upon petition of the Government.  *United States v. Roper*, 462 F.3d 336, 341 (4th Cir. 2006); *United States v. Linker*, 920 F.2d 1, 2 (7th Cir. 1990).  It cannot be done upon petition of the Defendant.  *United States v. Linker*, 920 F.2d at 2.  The Fifth Circuit has held the same in several unpublished opinions.  *See United States v. Gomez-Cavazos*, No. 99-40754, 2000 WL 294096 (5th Cir. February 17, 2000); *United States v. Del Valle*, No. 95-20255, 1996 WL 101705 (5th Cir. March 1, 1996); *United States v. Allison*, No. 95-50125, 1995 WL 450103 (5th Cir. June 30, 1995); *United States v. Cortez*, No. 94-41175, 1995 WL 449854

(5th Cir. June 29, 1995); *United States v. Ivey*, No. 93-8334, 1994 WL 442499 (5th Cir. August 3, 1994); *see also United States v. Villalona*, 46 Fed. Appx. 226, No. 01-41065,  2002 WL 1939987 (5th Cir. July 19, 2002) (Government has the option to seek remission pursuant to § 3573).

Defendant Gonzalez-Longoria cannot seek to have this Court require the Government to file a § 3573 petition, and he cannot file such a petition himself.  His request for an order directing the Government to show cause why a § 3573 petition should not be submitted is similarly unauthorized.

### Recommendation

For the foregoing reasons, Defendant's Motion (Docket Entry # 989) should be denied.

### Instructions for Service and Objections

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1) any party who desires to object to this Report and Recommendation must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Report and Recommendation.  *See United States v. Wilson*, 864 F. 2d 1219, 1221 (5th Cir. 1989).  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. *Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved*

party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Judge, except for plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996) (en banc).

       **SIGNED on February 26, 2008.**

*Nancy Stein Nowak*

**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**